**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 344-8667
Facsimile: (619) 344-8657

Attorneys for Plaintiff
*Martin Trim*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN TRIM,** individually and on behalf of all others similarly situated**,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CMRE FINANCIAL SERVICES, INC.,**<br><br>**Defendant.** | **Case No.:** '20CV0481 L    BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Martin Trim ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CMRE Financial Services, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law: TCPA, 47 U.S.C. § 227 *et seq*.

8. Because Defendant is a California corporation, located in California, authorized to and regularly conducts business in the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred

within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

10. Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of San Diego, in the State of California.

11. Defendant is, and at all times mentioned herein, was a California corporation headquartered in Brea, California. Defendant is authorized to and regularly conducts business within the State of California.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

## FACTS

13. Sometime prior to June 5, 2019, Plaintiff allegedly incurred financial obligations (the "Debt") to a third party, Rady Children's Hospital (Rady).

14. On September 20, 2018, Plaintiff filed Chapter Seven bankruptcy.

15. In or around December of 2018, Plaintiff's debts were discharged pursuant to a court order that was mailed to Plaintiff's creditors by the bankruptcy court. This included Plaintiff's Debt to Rady.

16. Therefore, following December 2018, Plaintiff had no account and no existing debt with Rady.

17. Nonetheless, on or around January 28, 2019, the discharged Debt was assigned, placed, or otherwise transferred to Defendant for collection purposes.

18. On or around June 5, 2019 at approximately 1:07 PM, Defendant called Plaintiff's cellular telephone from the number +1(800) 783-9118.

19. When Plaintiff answered Defendant's call, there was a noticeable delay before Defendant's representative, agent, or employee joined the call, indicating the use of an automated telephone dialing system ("ATDS"), as

defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

20. This is a common sign of the use of an ATDS, as an ATDS will cause a slight delay before the call connects to either a pre-recorded voice or a live person.

21. During the June 5, 2019 call, Defendant's representative told Plaintiff that he or she was calling from CMRE.

22. Plaintiff did not give "prior express consent," to receive calls from an ATDS.

23. Defendant's call was not for the purpose of an emergency. Defendant's call was unsolicited and not in response to an inquiry from Plaintiff.

24. Defendant's call was not in connection with any existing debt.

25. Upon information and belief, Defendant has a policy and regular practice of placing calls to consumers using an ATDS.

26. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or

27. sequential number generator.

28. The ATDS used by Defendants also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

29. The TCPA clearly prohibits making non-emergency calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A). The statute provides for $500.00 in statutory damages for each negligent violation, id. § 227(b)(3)(B). However, if the court finds that the defendant "willfully or knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

30. Defendant's call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

31. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

32. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

## STANDING

33. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) valid injuries in fact; (b) which are traceable to the conduct of Defendant; and (c) are likely to be redressed by a favorable judicial decision. *See, Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### *"Injury in Fact" Prong*

34. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

35. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant placed a call Plaintiff's cellular telephone, using an ATDS. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

36. For an injury to be "particularized" means the injury must "affect the Plaintiffs in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543. In this case, Defendant invaded Plaintiff's privacy and peace by calling his cellular telephone, and did this with the use of an ATDS. Furthermore,

Plaintiff became preoccupied and annoyed answering Defendant's call. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative Classes.

***"Traceable to the Conduct of Defendant" Prong***

37. The second prong required to establish standing at the pleadings phase is Plaintiff must allege facts to show his injuries are traceable to the conduct of Defendant.

38. Defendant's June 5, 2019 call is directly and explicitly linked to Defendant. Defendant's representative, employee, or agent identified the Defendant as "CMRE." Defendant's June 5, 2019 is the sole source of Plaintiff's and the Class' injuries. Therefore, Plaintiff has illustrated facts that show his injuries are traceable to the conduct of Defendant.

***"Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

39. The third prong to establish standing at the pleadings phase requires Plaintiffs to allege facts to show the injuries are likely to be redressed by a favorable judicial opinion.

40. In the present case, Plaintiff's Prayer for Relief includes a request for damages for the call Defendant placed, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative Classes.

41. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

43. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or prerecorded voice within the four years prior to the filing of this Complaint.

44. Defendant and its employees or agents are excluded from the Class.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. **Numerosity.** Plaintiff does not know the number of members in the Class but believes the Class members number is in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter. The Class can be identified through Defendant's records and/or Defendant's agent's records.

47. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

      ii. Whether Defendant's conduct was knowing and/or willful;

      iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

      iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

48. **Typicality.** As a person who received calls from Defendant in which Defendant used an ATDS and/or an automated and prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.

49. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class in that Plaintiff has no interest antagonistic to any Class member. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

50. **Superiority.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

51. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

///

///

# FIRST CAUSE OF ACTION:
# NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION:
# KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
# CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

60. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows against each Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: March 10, 2020

**KAZEROUNI LAW GROUP, APC**

By: *s/ Yana A. Hart*
    Yana A. Hart, Esq.
    yana@kazlg.com
    *Attorneys for Plaintiff*